ABRAHAM S. HERMAN, RESPONDENT, *v.* HERMAN LYONS, APPELLANT.

| 10 | 111 |
| 60 | 549 |
| 10 | 117 |
| 9ap400 | |

*Offer of judgment — trial of action before expiration of ten days — Costs — Code,* § 385.

After issue had been joined in this action, and on the seventh of February, an offer to allow judgment to be taken against him was served by the defendant; on the ninth of February the cause was regularly called in its order on the calendar, an inquest taken therein, and the costs accruing subsequent to the offer taxed in plaintiff's favor. *Held,* that, as ten days had not elapsed from the service of the offer of judgment to the time of trial, the plaintiff was entitled to disregard the offer and to tax the costs thereafter accruing.

APPEAL from an order confirming an adjustment of costs by the clerk of the court.

————— —————, for the appellant.

*Simon H. Stern,* for the respondent.

BRADY, J. :

The defendant served an offer to allow a judgment to be taken against him. The service was made on the seventh February last. On the ninth the cause was regularly called in its order and an inquest taken, and the costs which accrued subsequent to the offer were taxed in plaintiff's favor. If the offer served stayed the plaintiff's proceedings, or imposed any obligation upon him to act in reference to it at once, it might be said that he was not entitled to any indemnity for such subsequent proceedings. He owed no duty to the defendant, however, under the three hundred and eighty-fifth section of the Code; the plaintiff has, in all such cases, ten days to elect whether he will accept the offer or proceed to trial;

and if the offer be served so late that the cause is reached and tried before the expiration of the ten days, the offer is unavailable to the defendant. (*Pomeroy* v. *Hulin, etc.*, 7 How. Pr. R., 161; *Walker* v. *Johnson*, 8 id., 240; *Lunker* v. *Richnagel* [decided in this court February 25, 1859].) The plaintiff herein, not having the ten days prior to the call of the cause in its regular order, was not obliged to pay any attention whatever to the offer. He could treat it as a nullity, which he did do, and proceed with his action.

If the rule were otherwise, the service of an offer made when the cause was on the day calendar would prevent the plaintiff from proceeding to judgment, and might compel him to lose the term. The adjustment and the order confirming it were right, and the appeal is of no benefit to the defendant.

Order appealed from affirmed, with ten dollars costs and the disbursements of the appeal.

DANIELS, J., concurred. DAVIS, P. J., not sitting.

Order affirmed, with ten dollars costs and disbursements.